Eugene Ryu (SBN 209104)
Gene.Ryu@klgates.com
Zain Zubair (SBN 323273)
Zain.Zubair@klgates.com
**K&L GATES LLP**
10100 Santa Monica Blvd, 8th Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant BAMBUZA OC VENTURES LLC and BAMBUZA SMF VENTURES LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIRO LOBATO BARCENAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAMBUZA OC VENTURES LLC, a California limited liability company; BAMBUZA SMF VENTURES LLC, a California limited liability company; and DOES 1 through 10, inclusive.<br><br>Defendants. | Case No.<br><br>**DEFENDANTS BAMBUZA OC VENTURES LLC AND BAMBUZA SMF VENTURES LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, & 1446**<br><br>**[28 U.S.C. §§ 1332(d), 1441, & 1446]**<br><br>Orange County Superior Court Case No. 30-2024-01415928-CU-OE-CXC<br><br>*(originally filed in County of Orange Superior Court on July 30, 2024)* |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1441, Defendants Bambuza OC Ventures LLC and Bambuza SMF Ventures LLC ("Bambuza" or "Defendants"), by and through its attorneys, K&L Gates LLP, hereby removes to this Court the action entitled, *Jose Ramiro Lobato Barcenas,* individually and on behalf of other persons similarly situated *v. Bambuza OC Ventures LLC and Bambuza SMF Ventures LLC,* and DOES 1 through 50, inclusive, Case No. 30-2024-01415928-CU-OE-CXC (the "State Court Action") from the Superior Court of the State of California, County of Orange. In support of this Notice of Removal of Action ("Notice"), Defendant states as follows:

## I.     STATEMENT OF JURISDICTION

1.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d).  CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446.  As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.     PLEADINGS, PROCESS, AND ORDERS

2.     On July 30, 2024, Plaintiff Jose Ramiro Lobato Barcenas ("Plaintiff") filed a Class Action Complaint against Defendants in Orange County Superior Court: *Jose Ramiro Lobato Barcenas,* individually and on behalf of other persons similarly situated *v. Bambuza OC Ventures LLC and Bambuza SMF Ventures LLC,* and DOES 1 through 50, inclusive, Case No. 30-2024-01415928-CU-OE-CXC. The Complaint

asserts the following causes of action: 1) Failure to Pay Minimum and Straight Time Wages; 2) Failure to Pay Overtime Wages; 3) Failure to Provide Meal Periods; 4) Failure to Authorize and Permit Rest Periods; 5) Failure to Provide Accurate Itemized Wage Statements; 6) Failure to Indemnify Employees for Expenditures; and 7) Unfair Business Practices.  Additionally, Plaintiff seeks attorneys' fees and various penalties under the California Labor Code.

3. On September 17, 2024, Plaintiff served the Complaint on Defendants. A true and correct copy of the Summons and Complaint is attached to the Declaration of Zain Zubair ("Zubair Decl.") as **Exhibit A**.  (Zubair Decl., ¶ 2, Exh. A.)

4. Along with the Summons and Complaint, other documents have been filed in the State Court Action, including a Civil Case Cover Sheet, Class Action Questionnaire, Plaintiff's Complex Case Fee Payment Receipt, Minute Order Setting Initial Case Management Conference, Certificate of Mailing, and Plaintiff's Proofs of Service.  These documents are attached to the Zubair Decl. as **Exhibit B**.  (Zubair Decl., ¶ 3, Exh. B.)

5. Defendants filed and served their Answer to Plaintiff's Class Action Complaint on October 15, 2024.  Defendants' Answer is attached to the Zubair Decl. as **Exhibit C**.  (Zubair Decl., ¶ 4, Exh. C.)

6. Pursuant to 28 U.S.C. § 1446(d), the attached Exhibits A - C constitute all process, pleadings and orders served on Defendants or filed or received by Defendants in this action.  To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in Orange County Superior Court or served by any party.  (Zubair Decl., ¶ 5.)

7. To Defendants' knowledge, no proceedings related hereto have been heard in Orange County Superior Court.  (Zubair Decl., ¶ 5.)

## III. TIMELINESS OF REMOVAL

8. This Notice of Removal is timely filed as it is filed within thirty (30) days of September 17, 2024, the date of service of the Summons and Complaint, and within one year from commencement of this action. *See* 28 U.S.C. § 1446(b).

## IV. BASIS FOR REMOVAL

9. The Class Action Fairness Act of 2005 ("CAFA") creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and involves a putative class that consists of more than 100 members. 28 U.S.C. §§ 1332(d)(2)(A) and (d)(5). Each of these three requirements is met.[1]

### A. The Putative Class Exceeds 100 Members

10. According to the Complaint, the putative class is "[a]ll persons who worked for any Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent." (Zubair Decl., ¶ 2, Exh. A, ¶ 23.)

11. Defendant Bambuza OC Ventures LLC employed approximately 132 non-exempt employees in California during the putative class period.[2] (Declaration

---

[1] A notice of removal need only provide a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Because § 1446 tracks Rule 8's liberal pleading standard, a notice of removal need only allege the grounds plausibly and need not be supported by evidentiary submissions. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."); *Roa v. TS Staffing Servs., Inc.*, No. 2:14-CV-08424-ODW, 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015) ("The 'short and plain statement' language from § 1446(a) applies to the entire notice of removal, and therefore would apply equally to all CAFA allegations and not just the amount-in-controversy requirement.").

[2] Defendant Bambuza OC Ventures LLC began operations on March 29, 2021. As such, the relevant period for this case is limited to March 29, 2021, to the present. (Ward Decl. ¶ 4.)

of Erik Ward in Support of Defendants' Notice of Removal to Federal Court ("Ward Decl."), ¶ 4). Accordingly, the putative class exceeds 100 members.

### B. Diversity of Citizenship is Satisfied

13. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Minimal diversity of citizenship exists here because Plaintiff and Defendants are citizens of different states.

14. Plaintiff's Complaint states that he "is a resident of Orange County, California." (Zubair Decl., ¶ 2, Exh. A, ¶ 7.) An individual's domicile supporting diversity of citizenship can be determined by, *inter alia*, physical residency and place of employment. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

15. Conversely, Defendant is not a citizen of California. The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006.) The sole member of both Defendants Bambuza OC Ventures LLC and Bambuza SMF Ventures LLC is Bambuza South Waterfront LLC. The sole member of Bambuza South Waterfront LLC is Katherine Lam, President and CEO of Bambuza. Ms. Lam resides in Portland, Oregon. (Ward Decl., ¶ 2.) The principal place of business for Bambuza is similarly Portland, Oregon. (Ward Decl., ¶ 2.) Accordingly, Defendants are citizens of Oregon. *See Johnson*, 437 F.3d at 899.

16. No other party has been named or served as of the date of this removal. (Zubair Decl., ¶ 5.) The presence of Doe defendants in this case has no bearing on

---

Defendant Bambuza SMF Ventures LLC has never had any employees and is erroneously named in this case as a defendant. (*Id.*)

diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

17. Accordingly, the named Plaintiff is a citizen of a State different from Defendants, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### C. The Amount in Controversy Exceeds $5,000,000

18. Although Defendants deny all liability alleged in the Complaint, if damages or restitution were awarded on Plaintiff's claims, the aggregate amount as to the putative class would exceed $5,000,000.[3]

19. The Court has jurisdiction under CAFA, which authorizes the removal of class actions in which the amount in controversy for all class members in the aggregate exceeds $5,000,000. 28 U.S.C. § 1332(d).

20. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 81. Supporting evidence is required only if the plaintiff contests, or the court

---

[3] In order to establish the amount in controversy requirement is met, Defendant does not concede liability nor is it required to do so. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy."); *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("To establish the jurisdictional amount, Verizon need not concede liability for the entire amount, which is what the district court was in essence demanding by effectively asking Verizon to admit that at least $5 million of the billings were "unauthorized" within the meaning of the complaint."). Moreover, defenses do not affect the amount in controversy. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 295-296 (1938); *Riggins v. Riggins*, 415 F.2d 1259, 1261-1262 (9th Cir. 1969).

questions, the allegations of the notice of removal. *Id.* at 89. Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 82.

21. Here, Plaintiff's allegations and claims make evident that he places more than $5,000,000 in controversy.

i. <u>Plaintiff's First and Second Causes of Action for Failure to Pay Minimum and Overtime Wages Places **$2,365,895** in Controversy</u>

22. By way of his first and second causes of action, Plaintiff and the putative class seek allegedly unpaid wages at minimum and overtime wage rates pursuant to California Labor Code §§ 204, 1194, 1194.2, 1197 and 1198. (Zubair Decl., ¶ 2, Exh. A, ¶¶ 30-48.) Plaintiff alleges that Defendants knowingly failed to pay Plaintiff and the putative class compensation for all hours worked and are entitled to recover minimum and straight time wages for all non-overtime hours worked. (*Id*. at ¶¶ 32-33.) Plaintiff further alleges that Plaintiff and the putative class worked more than eight hours in a day and/or more than forty hours in a workweek and Defendants failed to Plaintiff and the putative class overtime compensation. (*Id*. at ¶¶ 43-44.)

23. Between March 29, 2021 (the date Defendants began operations) through September 22, 2024, Defendants employed approximately 132 non-exempt employees in California. These 132 non-exempt employees worked approximately 6,277 workweeks, and their average hourly rate of pay was approximately $17.23 per hour. (Ward Decl., ¶ 4.)

24. If Plaintiff prevails on his claim for minimum wages, he and the putative class may be entitled to recovery of all unpaid wages. Moreover, to determine the monetary amount in controversy for Plaintiff's overtime claim, the total number of unpaid hours worked by Plaintiff and the putative class that would have been considered, overtime hours are multiplied by one and one-half times their respective

regular rates of pay rate in effect during the time the overtime was allegedly worked. *See* Cal. Wage Order 7-2001, §3(A)(1).

25. Even taking a conservative approach of seven hours of minimum wages and seven hours of overtime wages per workweek, Plaintiff's minimum wages claim places at least **$615,146** into controversy ($14.00 x 7 hours per week x 6,277 workweeks) and his overtime claim places at least **$1,135,603** into controversy ($17.23 x 1.5 overtime premium x 7 hours per week x 6,277 workweeks).

26. Further, Plaintiff seeks liquidated damages under Labor Code § 1194.2 for Defendants' alleged failure to pay minimum wages to putative class members (Zubair Decl., ¶ 2, Exh. A, ¶ 37.). If he prevails, liquidated damages may be awarded in the amount equal to the unpaid minimum wages. Starting from January 1, 2021, the California state minimum wage was at least $14 per hour for employers with 26 employees or more.[4] Taking the same conservative approach of three hours of unpaid minimum wages per week per employee, Plaintiff seeks to recover another **$615,146** from this action ($14 x 7 hours per week x 6,277 workweeks).

27. In sum, although Defendants vigorously deny Plaintiff's allegations, including the alleged damages, if Plaintiff was to prevail on his failure to pay minimum and overtime wages claims, the amount in controversy for these claims alone could be **$2,365,895**.

    ii. <u>Plaintiff's Third and Fourth Causes of Action for Failure to Provide Meal and Rest Periods Places **$1,081,526** in Controversy</u>

28. Plaintiff's third cause of action for Failure to Provide Meal Periods alleges that Defendants regularly failed to provide Plaintiff and the putative class with both meal periods. (Zubair Decl., ¶ 2, Exh. A, ¶ 51.)

29. Labor Code section 226.7 provides that an employer who fails to provide a 30-minute meal period for every five hours worked can be liable for up to

---

[4] *See* Table under Question number 1, at https://www.dir.ca.gov/dlse/faq_minimumwage.htm.

one meal period premium per workday. Cal. Lab. Code § 226.7. Meal break premiums are equivalent to one hour of the employee's regular rate of compensation. *Id.*

30.  Plaintiff's fourth cause of action for Failure to Authorize and Permit Rest Periods alleges that Defendants failed to authorize Plaintiff and the putative class to take rest breaks. (Zubair Decl., ¶ 2, Exh. A, ¶ 55.)

31.  Labor Code section 226.7 provides that an employer who fails to provide a 10-minute rest break for every four hours worked or major fraction thereof, can be liable for up to one rest break premium per workday. Cal. Lab. Code § 226.7. Rest break premiums are equivalent to one hour of the employee's regular rate of compensation. *Id.*

32.  A conservative interpretation of five unlawful meal periods each workweek places at least **$540,763** in controversy (6,277 workweeks x $17.23 average regular rate x 5 meal periods). A conservative interpretation of five unlawful rest periods each workweek also places at least **$540,763** in controversy (6,277 workweeks x $17.23 average regular rate x 5 rest periods). *Id.* Together, these two causes of action place at least **$1,081,526** in controversy.

    iii. <u>Plaintiff's Fifth Cause of Action for Failure to Provide and Maintain Accurate and Compliant Wage Records Places **$392,000** in Controversy</u>

33.  Labor Code Section 226(a) provides that employers must, at the time of payment of wages, issue itemized wage statements which reflect nine (9) enumerated categories of information, including gross wages earned, total hours worked, deductions, net wages earned, inclusive dates of the pay period, name of the employee and name and address of the legal entity that is the employer.

34.  Section 226(e) provides for a statutory penalty for violations of Labor Code § 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs and $100 per employee for each

violation in a subsequent pay period, not exceeding an aggregate amount of $4,000. Cal. Lab. Code § 226(a). The statutory period for Labor Code § 226(e) penalties is one year. Cal. Code Civ. Proc. § 340.

35. In his fifth cause of action, Plaintiff alleges that Defendants intentionally and willfully failed to provide employees with complete and accurate wage statements. (Zubair Decl., ¶ 2, Exh. A, ¶ 59.) Thus, Plaintiff alleges that each of the wage statements provided to putative class members violated the Labor Code.

36. Assuming every putative class member employed in the year preceding the filing of Plaintiff's Complaint incurred the maximum amount of $4,000 in penalties places at least **$392,000** in controversy ($4,000 x 98 employees). (Ward Decl., ¶ 4.)

    iv. <u>Plaintiff's Sixth Cause of Action for Failure to Indemnify Employees for Expenditures Places **$313,850** in Controversy</u>

37. Plaintiff alleges he and the putative class were required to incur substantial necessary expenditures and losses in direct consequence of the discharge of their duties. (Zubair Decl., ¶ 2, Exh. A, ¶ 66.)

38. Even conservatively assuming Plaintiff and the putative class are allegedly owed $50 per workweek worked, this claim places at least **$313,850** in controversy (6,277 workweeks x $50 in unreimbursed expenses per workweek).

    v. <u>Plaintiff's Request for Attorney's Fees Places Another **$1,038,317** in Controversy</u>

39. Finally, Plaintiff seeks statutory attorneys' fees that must also be considered in determining whether the jurisdictional limit is met. "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)). The Ninth Circuit has "long held . . . that attorneys' fees awarded under fee-shifting statutes or

contracts are included in the amount in controversy." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Accordingly, future attorney's fees are properly included in calculating the amount in controversy for CAFA removal. *Id.*

40. In California, it is not uncommon for an attorneys' fee award to be twenty-five to thirty percent of the total recovery in a class action. Even at 25%, Plaintiff places another **$1,038,317** into controversy.

    vi. <u>Plaintiff Places at Least **$5,191,588** in Controversy in Total</u>

41. Although Defendants deny that Plaintiff and the putative class are entitled to any relief, accepting Plaintiff's claims as true, it is more likely than not that the amount in controversy in this case exceeds **$5,191,588**:

| | |
|---|---|
| Unpaid Minimum and Overtime Wages | $2,365,895 |
| Failure to Provide Meal Breaks | $540,763 |
| Failure to Provide Rest Breaks | $540,763 |
| Failure to Provide Accurate Itemized Statements | $392,000 |
| Failure to Reimburse Expenses | $313,850 |
| Attorneys' Fees | $1,038,317 |
| **Total** | **$5,191,588** |

42. Based on the allegations in Plaintiff's Complaint, the $5 million jurisdictional amount requirement of the CAFA is met.

43. Defendants provide the foregoing calculations only to demonstrate that the amount in controversy here easily exceeds the amount in controversy requirement of the CAFA. Defendants makes no admission of any liability or damages with respect to any aspect of this case, nor do they endorse or concede that the proffered methodology for such calculations passes muster.

## V. REMOVAL PROCEDURES/VENUE

44. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 85(d), 1441(a), and 1446(a). Plaintiffs originally

brought this action in the Superior Court of the State of California, County of Orange. The appropriate assignment of this action is to the Central District of California.

## VI. NOTICE TO PLAINTIFF AND STATE COURT

45. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District, as required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being promptly served upon counsel for Plaintiff and a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California for the County of Orange.

46. WHERFORE, Defendants pray that the Court remove this civil action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California.

Dated:    October 16, 2024

K&L GATES LLP

By: _____
Gene Ryu
Zain Zubair

Attorneys for Defendants
BAMBUZA OC VENTURES LLC
and BAMBUZA SMF VENTURES LLC

DEFENDANTS BAMBUZA OC VENTURES LLC AND BAMBUZA SMF VENTURES LLC'S
NOTICE OF REMOVAL OF ACTION

508429628.2