Eugene Ryu (SBN 209104)
Gene.Ryu@klgates.com
Zain Zubair (SBN 323273)
Zain.Zubair@klgates.com
**K&L GATES LLP**
10100 Santa Monica Blvd, 8th Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant BAMBUZA OC
VENTURES LLC and BAMBUZA SMF
VENTURES LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSE RAMIRO LOBATO BARCENAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAMBUZA OC VENTURES LLC, a California limited liability company; BAMBUZA SMF VENTURES LLC, a California limited liability company; and DOES 1 through 10, inclusive.<br>Defendants. | Case No.<br><br>**DECLARATION OF ZAIN ZUBAIR IN SUPPORT OF DEFENDANTS BAMBUZA OC VENTURES LLC AND BAMBUZA SMF VENTURES LLC'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Orange County Superior Court Case No. 30-2024-01415928-CU-OE-CXC *(originally filed in County of Orange Superior Court on July 30, 2024)* |

## DECLARATION OF ZAIN ZUBAIR

I, Zain Zubair, hereby declare and state as follows:

1.      I am an associate at the law firm of K&L Gates, counsel for Defendants Bambuza OC Ventures LLC and Bambuza SMF Ventures LLC ("Defendants") in the above-entitled matter.  I am duly licensed to practice law in the State of California and before the United States District Court for the Central District of California and am responsible for representing said Defendant in this action.   Except where otherwise indicated, all the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Summons and Complaint served on Defendants in the matter of *Jose Ramiro Lobato Barcenas v. Bambuza OC Ventures LLC, Bambuza SMF Ventures LLC* and DOES 1 through 10*,* inclusive, Case No. 30-2024-01415928-CU-OE-CXC (State Court Action), personally served on Defendants' agent for service of process, CT Corporation System, on September 17, 2024.

3.      Attached hereto as **Exhibit B** is a true and correct copy of the Civil Case Cover Sheet, Class Action Questionnaire, Plaintiff's Complex Case Fee Payment Receipt, Minute Order Setting Initial Case Management Conference, Certificate of Mailing, and Plaintiff's Proofs of Service, filed in the State Court Action and served upon Defendants.

4.      Attached hereto as **Exhibit C** is a true and correct copy of Defendants' Answer to Plaintiff's Complaint filed by Defendants in the State Court Action, on October 15, 2024.

5.      As of the date of this removal, it is my understanding that no other parties have been named or validly served in this matter.  It is also my understanding that, as of the date of this removal, no other pleadings, process, or orders have been

served upon Defendants, or filed in the State Court Action, other than those attached hereto.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed on October 16, 2024, at Los Angeles, California.

_____
Zain Zubair

3
DECLARATION OF ZAIN ZUBAIR IN SUPPORT OF NOTICE OF REMOVAL

# EXHIBIT A

**RASi** REGISTERED AGENT
SOLUTIONS INC
A **LEXITAS** COMPANY

**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
5301 Southwest Parkway, Suite 400
Austin, TX 78735
**Phone:** (888) 705-7274

# SERVICE OF PROCESS RECEIPT

2024-09-17

REBECCA JORDAN
**BAMBUZA OC VENTURES LLC**
5921 NE 80th Avenue
Portland, OR 97218 USA

**NOTICE OF CONFIDENTIALITY**

This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE: BAMBUZA OC VENTURES LLC**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A Summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.
For additional information and instruction, contact the document issuer: WILSHIRE LAW FIRM

### SERVICE INFORMATION
Service Date:      2024-09-17
Service Time:      2:40 PM PDT
Service Method: Process Server

### RASi REFERENCE INFORMATION
Service No.:   0334805
RASi Office:   California
Rec. Int. Id.:   AXS

### CASE INFORMATION
Case Number:  30-2024-01415928-CU-OE-CXC
File Date:        07/30/2024
Jurisdiction:   CALIFORNIA SUPERIOR COURT, ORANGE COUNTY
Case Title:      JOSE RAMIRO LOBATO BARCENAS V. BAMBUZA OC VENTURES LLC,

### ANSWER / APPEARANCE INFORMATION
30 days      *(Be sure to review the document(s) for any required response dates)*

### AGENCY / PLAINTIFF INFORMATION
Firm/Issuing Agent: WILSHIRE LAW FIRM
Attorney/Contact:   JUSTIN F. MARQUEZ
Location:                California
Telephone No.:      213-381-9988

### DOCUMENT(S) RECEIVED & ATTACHED
Complaint
Summons
Interrogatories
Demand for Jury Trial
Order: MINUTE

### ADDITIONAL NOTES:
DOCUMENT ALSO INCLUDES A CIVIL CASE COVER SHEET, PLEASE REVIEW.

**Questions?** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corpliance account. RASi offers additional methods of notification including Telephone Notification and FedEx Delivery. If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

Electronically Filed by Superior Court of California, County of Orange, 07/30/2024 05:35:01 PM.
30-2024-01415928-CU-OE-CXC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BAMBUZA OC VENTURES LLC, a California limited liability company;
BAMBUZA SMF VENTURES LLC, a California limited liability company;
and DOES 1 through 10, inclusive,
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE RAMIRO LOBATO BARCENAS, individually, and on behalf of
all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange Superior Court | CASE NUMBER Judge Melissa R. McCormick<br>*(Número del Caso):*<br>30-2024-01415928-CU-OE-CXC |

Civil Complex Center

751 West Santa Ana Blvd., Santa Ana, California 92701
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Justin F. Marquez, Wilshire Law Firm, 3055 Wilshire Blvd., 12th Fl., Los Angeles, CA 90010; (213) 381-9988

| DATE:<br>*(Fecha)* 07/30/2024 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | *G. Ramirez* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Bambuza OC Ventures, LLC, a California limited liability company

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

Electronically Filed by Superior Court of California, County of Orange, 07/30/2024 05:35:01 PM.
30-2024-01415928-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

Justin F. Marquez (SBN 262417)
justin@wilshirelawfirm.com
Arrash T. Fattahi (SBN 333676)
afattahi@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiff

Assigned for All Purposes

Judge Melissa R. McCormick

CX-104

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF ORANGE

JOSE RAMIRO LOBATO BARCENAS,
individually, and on behalf of all others similarly
situated,

           *Plaintiff,*

    v.

BAMBUZA OC VENTURES LLC, a California
limited liability company; BAMBUZA SMF
VENTURES LLC, a California limited liability
company; and DOES 1 through 10, inclusive,

           *Defendants.*

Case No.:  **30-2024-01415928-CU-OE-CXC**

**CLASS ACTION COMPLAINT:**

1. Failure to Pay Minimum and Straight Time Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197);
2. Failure to Pay Overtime Wages (Cal. Lab. Code §§ 1194 and 1198);
3. Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512);
4. Failure to Authorize and Permit Rest Periods (Cal. Lab. Code §§ 226.7);
5. Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226);
6. Failure to Indemnify Employees for Expenditures (Cal. Lab. Code § 2802); and
7. Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).

**DEMAND FOR JURY TRIAL**

*(left margin, vertical)* WILSHIRE LAW FIRM, PLC / 3055 Wilshire Blvd, 12th Floor / Los Angeles, CA 90010-1137

1    Plaintiff JOSE RAMIRO LOBATO BARCENAS ("Plaintiff"), based upon facts that

2  either have evidentiary support or are likely to have evidentiary support after a reasonable

3  opportunity for further investigation and discovery, alleges as follows:

4    **INTRODUCTION & PRELIMINARY STATEMENT**

5    1.    Plaintiff brings this action against Defendant BAMBUZA OC VENTURES LLC,

6  Defendant BAMBUZA SMF VENTURES LLC, and DOES 1 through 10 (hereinafter

7  collectively referred to as "Defendants") for California Labor Code violations and unfair

8  business practices stemming from Defendants' failure to pay for all hours worked (minimum,

9  straight time, and overtime wages), failure to provide meal periods, failure to authorize and

10  permit rest periods, failure to furnish accurate wage statements, and failure to indemnify

11  employees for expenditures.

12    2.    Plaintiff brings the First through Seventh Causes of Action individually and as a

13  class action on behalf of himself and certain current and former employees of Defendants

14  (hereinafter collectively referred to as the "Class" or "Class Members," and defined more fully

15  below).  The Class consists of Plaintiff and all other persons who have been employed by any

16  Defendant in California as an hourly-paid or non-exempt employee during the statute of

17  limitations period applicable to the claims pleaded here.

18    3.    Defendants own/owned and operate/operated an industry, business, and

19  establishment within the State of California, including Orange County.  As such, and based upon

20  all the facts and circumstances incident to Defendants' business in California, Defendants are

21  subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission

22  ("IWC"), and the California Business & Professions Code.

23    4.    Despite these requirements, throughout the statutory period, Defendants

24  maintained a systematic, company-wide policy and practice of:

25        (a)    Failing to pay employees for all hours worked, including all minimum,

26             straight time, and overtime wages in compliance with the California Labor

27             Code and IWC Wage Orders;

28        (b)    Failing to provide employees with timely and duty-free meal periods in

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1

compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(c)     Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d)     Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders; and

(e)     Failing to indemnify employees for expenditures incurred in direct discharge of duties of employment.

5.     On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies.  Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.     At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employers of Plaintiff and the Class.  Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior."

**THE PARTIES**

A.     **Plaintiff**

7.     Plaintiff JOSE RAMIRO LOBATO BARCENAS is a resident of Orange County, California who worked for Defendants in Orange County, California as an hourly-paid, non-exempt employee from approximately October 2022 to the present.

8.     Plaintiff reserves the right to seek leave to amend this complaint to add new

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1     Plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v.*

2     *American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

3         **B.**     **Defendants**

4         9.     Plaintiff is informed and believes, and based upon that information and belief

5     alleges, that Defendants BAMBUZA OC VENTURES LLC and BAMBUZA SMF VENTURES

6     LLC are, and at all times herein mentioned, were:

7                (a)     Business entities qualified to do business and actually conducting business

8                       in numerous counties throughout the State of California, including in

9                       Orange County; and,

10                (b)     The former employers of Plaintiff and the current and/or former employers

11                       of the putative Class because Defendants BAMBUZA OC VENTURES

12                       LLC and BAMBUZA SMF VENTURES suffered and permitted Plaintiff

13                       and the Class to work, and/or controlled their wages, hours, or working

14                       conditions.

15         10.     Plaintiff does not know the true names or capacities of the persons or entities sued

16     herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names.

17     Each of the Doe Defendants was in some manner legally responsible for the damages suffered by

18     Plaintiff and the Class as alleged herein.  Plaintiff will amend this complaint to set forth the true

19     names and capacities of these Defendants when they have been ascertained, together with

20     appropriate charging allegations, as may be necessary.

21         11.     At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and

22     each of them, were residents of, doing business in, availed themselves of the jurisdiction of,

23     and/or injured a significant number of the Plaintiff and the Class in the State of California.

24         12.     Plaintiff is informed and believes and thereon alleges that at all relevant times

25     each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and

26     the other employees described in the class definitions below, and exercised control over their

27     wages, hours, and working conditions.  Plaintiff is informed and believes and thereon alleges

28     that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

3

1    director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest

2    and/or predecessor in interest of some or all of the other Defendants, and was engaged with some

3    or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to

4    some or all of the other Defendants so as to be liable for their conduct with respect to the matters

5    alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted

6    pursuant to and within the scope of the relationships alleged above, that each Defendant knew or

7    should have known about, and authorized, ratified, adopted, approved, controlled, aided and

8    abetted the conduct of all other Defendants.

9                **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10           13.     Plaintiff worked for Defendants in Orange County, California as an hourly-paid,

11    non-exempt employee from approximately October 2022 to the present.  At all times, Defendants

12    have paid Plaintiff an hourly wage and classified him as non-exempt from overtime.  Defendants

13    typically schedule Plaintiff to work at least five days in a workweek and at least eight hours per

14    day, but Plaintiff regularly works more than eight hours in a workday and/or more than forty (40)

15    hours in a workweek.

16           14.     Throughout Plaintiff's employment, Defendants failed to pay for all hours worked

17    (including minimum, straight time, and overtime wages), failed to provide Plaintiff with legally

18    compliant meal periods, failed to authorize and permit Plaintiff to take rest periods, failed to

19    furnish accurate wage statements to Plaintiff, and failed to indemnify Plaintiff for expenditures.

20    As discussed below, Plaintiff's experience working for Defendants is typical and illustrative.

21           15.     Throughout the statutory period, Defendants maintained a policy and practice of

22    not paying Plaintiff and the Class for all hours worked, including minimum, straight time, and

23    overtime wages.  Defendants required Plaintiff and the Class to work "off-the-clock,"

24    uncompensated, by, for example, requiring Plaintiff and the Class to perform work prior to

25    clocking in for the workday and during unpaid meal periods.  Some of this unpaid work should

26    have been paid at the overtime rate.  In failing to pay for all hours worked, Defendants also failed

27    to maintain accurate records of the hours Plaintiff and the Class worked.

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

---

4

CLASS ACTION COMPLAINT

16.     Throughout the statutory period, Defendants wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods. Defendants regularly, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing a 30-minute, uninterrupted, and duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Instead, Defendants continued to assert control over Plaintiff and the Class by requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory meal periods, or by denying Plaintiff and the Class permission to take a meal period. Accordingly, Defendants' policy and practice was not to provide meal periods to Plaintiff and the Class in compliance with California law.

17.     Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take legally compliant rest periods. Defendants regularly required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Instead, Defendants continued to assert control over Plaintiff and the Class by requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory rest periods, or by denying Plaintiff and the Class permission to take a rest period. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

18.     Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, all overtime hourly rates, and all gross and net wages earned (including correct hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class

2  suffered injury because, among other things:

3      (a)  the violations led them to believe that they were not entitled to be paid

4           minimum, straight time, overtime, meal period premium, and rest period

5           premium wages, even though they were entitled;

6      (b)  the violations led them to believe that they had been paid the minimum,

7           straight time, overtime, meal period premium, and rest period premium

8           wages, even though they had not been;

9      (c)  the violations led them to believe they were not entitled to be paid minimum,

10          straight time, overtime, meal period premium, and rest period premium

11          wages at the correct California rate even though they were entitled;

12     (d)  the violations led them to believe they had been paid minimum, straight time,

13          overtime, meal period premium, and rest period premium wages at the

14          correct California rate even though they had not been;

15     (e)  the violations hindered them from determining the amounts of minimum,

16          straight time, overtime, meal period premium, and rest period premium

17          wages owed to them;

18     (f)  in connection with their employment before and during this action, and in

19          connection with prosecuting this action, the violations caused them to have

20          to perform mathematical computations to determine the amounts of wages

21          owed to them, computations they would not have to make if the wage

22          statements contained the required accurate information;

23     (g)  by understating the wages truly due to them, the violations caused them to

24          lose entitlement and/or accrual of the full amount of Social Security,

25          disability, unemployment, and other governmental benefits;

26     (h)  the wage statements inaccurately understated the wages, hours, and wage

27          rates to which Plaintiff and the Class were entitled, and Plaintiff and the

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    Class were paid less than the wages and wage rates to which they were

2    entitled.

3    Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code §

4    226(e) and injunctive relief under California Labor Code § 226(h).

5        19.    Throughout the statutory period, Defendants have wrongfully required Plaintiff

6    and the Class to pay expenses that they incurred in direct discharge of their duties for

7    Defendants.  Plaintiff and the Class regularly paid out-of-pocket for necessary employment-

8    related expenses, including, without limitation, use of personal cell phones.

9        20.    Plaintiff and the Class incurred substantial expenses as a direct result of

10   performing their job duties for Defendants, but Defendants failed to indemnify Plaintiff and the

11   Class for these employment-related expenses.

12                          **CLASS ACTION ALLEGATIONS**

13       21.    Plaintiff brings certain claims individually, as well as on behalf of each and all

14   other persons similarly situated, and thus, seeks class certification under California Code of Civil

15   Procedure § 382.

16       22.    All claims alleged herein arise under California law for which Plaintiff seeks relief

17   authorized by California law.

18       23.    The proposed Class consists of and is defined as:

19       All persons who worked for any Defendant in California as an hourly-paid or
20       non-exempt employee at any time during the period beginning four years and 178
         days before the filing of the initial complaint in this action and ending when
21       notice to the Class is sent.[1]

22       24.    At all material times, Plaintiff was a member of the Class.

23       25.    Plaintiff undertook this concerted activity to improve the wages and working

24   conditions of all Class Members.

25       26.    There is a well-defined community of interest in the litigation and the Class is

26   readily ascertainable:

27   _____
     [1] In response to the COVID-19 pandemic, the Judicial Council of California adopted Emergency Rule 9(a)
28   (California Rules of Court), whereby "statutes of limitations and repose for civil causes of action that exceed
     180 days are tolled from April 6, 2020 to October 1, 2020."

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| 1 | (a) | Numerosity:  The members of the Class (and each subclass, if any) are so |
| 2 | | numerous that joinder of all members would be unfeasible and impractical. |
| 3 | | The membership of the entire Class is unknown to Plaintiff at this time; |
| 4 | | however, the Class is estimated to be greater than forty (40) individuals |
| 5 | | and the identity of such membership is readily ascertainable by inspection |
| 6 | | of Defendants' records. |
| 7 | (b) | Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect |
| 8 | | the interests of each Class Member with whom there is a shared, well- |
| 9 | | defined community of interest, and Plaintiff's claims (or defenses, if any) |
| 10 | | are typical of all Class Members' claims as demonstrated herein. |
| 11 | (c) | Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect |
| 12 | | the interests of each Class Member with whom there is a shared, well- |
| 13 | | defined community of interest and typicality of claims, as demonstrated |
| 14 | | herein.  Plaintiff has no conflicts with or interests antagonistic to any Class |
| 15 | | Member.  Plaintiff's attorneys, the proposed class counsel, are versed in |
| 16 | | the rules governing class action discovery, certification, and settlement. |
| 17 | | Plaintiff has incurred, and throughout the duration of this action, will |
| 18 | | continue to incur costs and attorneys' fees that have been, are, and will be |
| 19 | | necessarily expended for the prosecution of this action for the substantial |
| 20 | | benefit of each class member. |
| 21 | (d) | Superiority:  A Class Action is superior to other available methods for the |
| 22 | | fair and efficient adjudication of the controversy, including consideration |
| 23 | | of: |
| 24 | | 1) The interests of the members of the Class in individually |
| 25 | | controlling the prosecution or defense of separate actions; |
| 26 | | 2) The extent and nature of any litigation concerning the controversy |
| 27 | | already commenced by or against members of the Class; |
| 28 | | 3) The desirability or undesirability of concentrating the litigation of |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

8

the claims in the particular forum; and,

4) The difficulties likely to be encountered in the management of a class action.

(e) <u>Public Policy Considerations</u>:  The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

27. There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

(a) Failed to pay Class Members for all hours worked, including minimum, straight time, and overtime wages;

(b) Failed to provide meal periods and pay meal period premium wages to Class Members;

(c) Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d) Failed to provide Class Members with accurate wage statements;

(e) Failed to indemnify Class Members for expenditures; and,

(f) Violated California Business & Professions Code §§ 17200 *et. seq.* as a result of their illegal conduct as described above.

28. This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

9

(a)   The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)   A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c)   The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d)   Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f)   Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

  1)   Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or,

  2)   Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)   Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

CLASS ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12ᵗʰ Floor
Los Angeles, CA 90010-1137

29.    Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff contemplates the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## FIRST CAUSE OF ACTION

**(Against All Defendants for Failure to Pay Minimum and Straight Time Wages for All Hours Worked)**

30.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

31.    "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

32.    At all relevant times herein mentioned, Defendants knowingly failed to pay Plaintiff and the Class compensation for all hours they worked. By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of California Labor Code § 1194, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

33.    Accordingly, Plaintiff and the Class are entitled to recover minimum and straight time wages for all non-overtime hours worked for Defendants.

34.    By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

35.    By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class and which will be ascertained according to proof at trial.

36.    By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

37.    Pursuant to California Labor Code § 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

38.    California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum and straight time wages.  However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due and failed to pay those wages twice a month.

39.    Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

### (Against All Defendants for Failure to Pay Overtime Wages)

40.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

41.    California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

42.    California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the IWC is unlawful.

43.    At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday and/or more than forty (40) hours in a workweek, as employees of

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1  Defendants.

2      44.    At all times relevant hereto, Defendants failed to pay Plaintiff and the Class

3  overtime compensation for the hours they have worked in excess of the maximum hours

4  permissible by law as required by California Labor Code §§ 510 and 1198.

5      45.    By virtue of Defendants' unlawful failure to pay additional premium rate

6  compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the

7  Class have suffered, and will continue to suffer, damages in amounts which are presently

8  unknown to them but which exceed the jurisdictional minimum of this Court and which will be

9  ascertained according to proof at trial.

10     46.    By failing to keep adequate time records required by Labor Code § 1174(d),

11  Defendants have made it difficult to calculate the full extent of overtime compensation due to

12  Plaintiff and the Class.

13     47.    Plaintiff and the Class also request recovery of overtime compensation according

14  to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well

15  as the assessment of any statutory penalties against Defendants, in a sum as provided by the

16  California Labor Code and/or other statutes.

17     48.    California Labor Code § 204 requires employers to provide employees with all

18  wages due and payable twice a month.  The Wage Orders also provide that every employer shall

19  pay to each employee, on the established payday for the period involved, overtime wages for all

20  overtime hours worked in the payroll period.  Defendants failed to provide Plaintiff and the Class

21  with all compensation due, in violation of California Labor Code § 204.

22                    **THIRD CAUSE OF ACTION**

23              **(Against All Defendants for Failure to Provide Meal Periods)**

24     49.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

25  paragraphs 1 through 20 in this Complaint.

26     50.    Under California law, Defendants have an affirmative obligation to relieve the

27  Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the

28  start of Plaintiff's and the Class' sixth hour of work in a workday, and to take their second meal

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

13

1    periods no later than the start of the eleventh hour of work in the workday.  California Labor

2    Code § 512, and Section 11 of the applicable Wage Orders require that an employer provide

3    unpaid meal periods of at least thirty (30) minutes for each five-hour period worked.  It is a

4    violation of California Labor Code § 226.7 for an employer to require any employee to work

5    during any meal period mandated under any Wage Order.

6         51.    Despite these legal requirements, Defendants regularly failed to provide Plaintiff

7    and the Class with both meal periods as required by California law.  By their failure to permit

8    and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact

9    that Defendants made it impossible or impracticable to take these uninterrupted meal periods),

10   Defendants willfully violated the provisions of California Labor Code § 226.7 and the applicable

11   Wage Orders.

12        52.    Under California law, Plaintiff and the Class are entitled to be paid one hour of

13   additional wages for each workday he or she was not provided with all required meal period(s),

14   plus interest thereon.

15                              **FOURTH CAUSE OF ACTION**

16      **(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

17        53.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

18   paragraphs 1 through 20 in this Complaint.

19        54.    Defendants are required by California law to authorize and permit breaks of ten

20   uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than

21   two hours).  California Labor Code § 512, the applicable Wage Orders require that the employer

22   permit and authorize all employees to take paid rest periods of ten minutes each for each 4-hour

23   period worked.  Thus, for example, if an employee's work time is six hours and ten minutes, the

24   employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so required is

25   itself a violation of California's rest break laws.  It is a violation of California Labor Code §

26   226.7 for an employer to require any employee to work during any rest period mandated under

27   any Wage Order.

28        55.    Despite these legal requirements, Defendants failed to authorize Plaintiff and the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

Class to take rest breaks, regardless of whether employees worked more than four hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of California Labor Code § 226.7 and the applicable Wage Orders.

56. Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

## FIFTH CAUSE OF ACTION

### (Against All Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)

57. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

58. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

59. Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

60. As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily protected rights.

61. Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

62. Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

63. Plaintiff and the Class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

64. Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## SIXTH CAUSE OF ACTION

### (Against All Defendants for Failure to Indemnify Employees for Expenditures)

65. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

66. As set forth above, Plaintiff and the Class were required to incur substantial necessary expenditures and losses in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

67. Defendants violated California Labor Code § 2802, by failing to pay and indemnify Plaintiff and the Class for necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

68. As a result, Plaintiff and the Class were damaged at least in the amounts of the

CLASS ACTION COMPLAINT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1    expenses they paid, or which were deducted by Defendants from their wages.

2         69.    Plaintiff and the Class are entitled to reasonable attorney's fees, expenses, and

3    costs of suit pursuant to California Labor Code § 2802(c) and interest pursuant to California

4    Labor Code § 2802(b).

5                              **SEVENTH CAUSE OF ACTION**

6    **(Against All Defendants for Violation of California Business & Professions Code §§ 17200,**

7                                    **et seq.)**

8         70.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

9    paragraphs 1 through 20 in this Complaint.

10        71.    Defendants, and each of them, are "persons" as defined under California Business

11   & Professions Code § 17201.

12        72.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

13   unlawful, and harmful to Plaintiff, other Class members, and to the general public.  Plaintiff

14   seeks to enforce important rights affecting the public interest within the meaning of Code of Civil

15   Procedure § 1021.5.

16        73.    Defendants' activities, as alleged herein, are violations of California law, and

17   constitute unlawful business acts and practices in violation of California Business & Professions

18   Code §§ 17200, *et seq.*

19        74.    A violation of California Business & Professions Code §§ 17200, *et seq.* may be

20   predicated on the violation of any state or federal law.  All of the acts described herein as

21   violations of, among other things, the California Labor Code, are unlawful and in violation of

22   public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous,

23   and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of

24   California Business & Professions Code §§ 17200, *et seq.*

25            **Failure to Pay Minimum and Straight Time Wages**

26        75.    Defendants' failure to pay minimum and straight time wages, and other benefits in

27   violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by

28   California Business & Professions Code §§ 17200, *et seq.*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**Failure to Pay Overtime Wages**

76.     Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Provide Meal Periods**

77.     Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

**Failure to Authorize and Permit Rest Periods**

78.     Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq.*

**Failure to Indemnify Business Expenses**

79.     Defendants' failure to reimburse expenses incurred in accordance with California Labor Code § 2802, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

80.     By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and has deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

81.     Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

82.     Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

18

83.    Plaintiff, individually, and on behalf of members of the putative class, is further entitled to, and does, seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

84.    Plaintiff, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

85.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

86.    Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years and 178 days prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## **PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action;

CLASS ACTION COMPLAINT

2.      That Plaintiff be appointed as the representative of the Class; and,

3.      That counsel for Plaintiff be appointed as Class Counsel.

<u>As to the First Cause of Action</u>

4.      That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum and straight time wages due;

5.      For unpaid wages as may be appropriate;

6.      For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.      For liquidated damages;

8.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

9.      For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Second Cause of Action</u>

10.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11.     For unpaid wages at overtime wage rates as may be appropriate;

12.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

14.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

15.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16.     For unpaid meal period premium wages as may be appropriate;

17.     For pre-judgment interest on any unpaid compensation commencing from the date

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT

1   such amounts were due;

2       18.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5,

3   and for costs of suit incurred herein; and,

4       19.    For such other and further relief as the Court may deem equitable and appropriate.

5   <u>As to the Fourth Cause of Action</u>

6       20.    That the Court declare, adjudge, and decree that Defendants violated California

7   Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

8       21.    For unpaid rest period premium wages as may be appropriate;

9       22.    For pre-judgment interest on any unpaid compensation commencing from the date

10   such amounts were due;

11       23.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5,

12   and for costs of suit incurred herein; and,

13       24.    For such other and further relief as the Court may deem equitable and appropriate.

14   <u>As to the Fifth Cause of Action</u>

15       25.    That the Court declare, adjudge, and decree that Defendants violated the record

16   keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and

17   willfully failed to provide accurate itemized wage statements thereto;

18       26.    For all actual damages, according to proof;

19       27.    For statutory penalties pursuant to California Labor Code § 226(e);

20       28.    For injunctive relief to ensure compliance with this section, pursuant to California

21   Labor Code § 226(h);

22       29.    For reasonable attorneys' fees and for costs of suit incurred herein; and,

23       30.    For such other and further relief as the Court may deem equitable and appropriate.

24   <u>As to the Sixth Cause of Action</u>

25       31.    That the Court declare, adjudge, and decree that Defendants violated California

26   Labor Code § 2802 by willfully failing to indemnify employees for expenditures;

27       32.    For unpaid wages or unreimbursed business expenses as may be appropriate;

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

33. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

34. For reasonable attorneys' fees and for costs of suit incurred herein; and,

35. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Seventh Cause of Action</u>

36. That the Court declare, adjudge, and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay for all hours worked (minimum, straight time, and overtime wages), failing to provide meal periods, failing to authorize and permit rest periods, and failing to indemnify employees for expenditures;

37. For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

38. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

39. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

40. For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and,

41. For such other and further relief as the Court may deem equitable and appropriate.

///
///
///
///
///
///
///
///
///

CLASS ACTION COMPLAINT

<u>As to all Causes of Action</u>

42.    For any additional relief that the Court deems just and proper.

Respectfully submitted,

Dated: July 30, 2024

**WILSHIRE LAW FIRM**

By: _____

Justin F. Marquez
Arrash T. Fattahi

Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: July 30, 2024

**WILSHIRE LAW FIRM**

By: _____

Justin F. Marquez
Arrash T. Fattahi

Attorneys for Plaintiff

# EXHIBIT B

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Justin F. Marquez (SBN 262417); Arrash T. Fattahi (SBN 333676)<br>Wilshire Law Firm; 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010<br><br>TELEPHONE NO.: (213) 381-9988   FAX NO.: (213) 381-9989<br>EMAIL ADDRESS: justin@wilshirelawfirm.com<br>ATTORNEY FOR *(Name):* Plaintiff Jose Ramiro Lobato Barcenas | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS: 751 West Santa Ana Blvd.
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Jose Ramiro Lobato Barcenas v. Bambuza OC Ventures LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) | [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 30-2024-01415928-CU-OE-CXC |
| | | | | JUDGE: Judge Melissa R. McCormick |
| | | | | DEPT.: CX-104 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 30, 2024

Justin F. Marquez, Esq.
_____
(TYPE OR PRINT NAME)    ▶    _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Electronically Filed by Superior Court of California, County of Orange, 07/30/2024 05:35:01 PM.
30-2024-01415928-CU-OE-CXC - ROA # 5 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*:<br>Justin F. Marquez, Esq.<br>Wilshire Law Firm, 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010<br><br>Telephone No.: (213) 381-9988          Fax No. (Optional): (213) 381-9989<br>E-Mail Address (Optional): justin@wilshirelawfirm.com<br>ATTORNEY FOR *(Name)*: Jose Ramiro Lobato Barcenas          Bar No: 262417 | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center - 751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER: Jose Ramiro Lobato Barcenas

DEFENDANT / RESPONDENT: Bambuza OC Ventures LLC, et al.

| | |
|---|---|
| ### CLASS ACTION/B&P 17200 QUESTIONNAIRE<br><br>***(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)*** | CASE  30-2024-01415928-CU-OE-CXC<br>DEPT:  Judge Melissa R. McCormick<br>JUDGE:<br>STATUS CONFERENCE DATE: |

In response to the conflict of interest issues raised in ***Apple Computer, Inc. v. The Superior Court of Los Angeles County*** (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1. Is any proposed class representative an attorney?                    Yes _____     No __✓__

2. Is any proposed class representative a spouse, child or family
member of plaintiff's counsel or of a partner or associate of the
law firm of which plaintiff's counsel  is a member?                    Yes _____     No __✓__

   If yes, explain relationship: _____

3.  Within the last 5 years, has any proposed class representative filed
prior class action lawsuits using the same plaintiff's counsel or firm
as in the present case?                    Yes _____     No __✓__

   If yes, explain: _____

4. Does any proposed class representative have a business relationship
with plaintiff's counsel, including but not limited to, the relationship
of law partner, associate,  employee, principal, agent, independent
contractor, or professional corporation?                    Yes _____     No __✓__

   If yes, explain relationship: _____

5. If there is co-counsel, have the attorneys been co-counsel
in other class actions?                    Yes _____     No __✓__

I declare under penalty of perjury under the laws of the State of California that the foregoing is true
and correct.

July 30, 2024
_____                    _____
**DATE**                                    SIGNATURE OF COUNSEL FOR PLAINTIFF(S)

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277 [New June 1, 2005]



# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

**Superior Court of California, County of Orange**

751 W. Santa Ana Blvd
Santa Ana,  CA 92701

E-Filing Transaction #: 11343764

### PAYMENT RECEIPT

Receipt #:  13285941

| Clerk ID: gramirez | Transaction No: 13457861 | | Transaction Date: 08/01/2024 | | Transaction Time: 02:03:53 PM | |
|---|---|---|---|---|---|---|

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2024-01415928-CU-OE-CXC | 194 - Complaint or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |
| 30-2024-01415928-CU-OE-CXC | 34 - Complex Case Fee - Plaintiff | 1 | $1,000.00 | $1,000.00 | $1,000.00 | $0.00 |
| | | | Sales Tax: | $0.00 | | |
| | | | Total: | $1,435.00 | Total Rem. Bal: | |
| E-Filing :  - OneLegal | | | | | | |

E-Filing:        $1,435.00

Total Amount Tendered:      $1,435.00

Change Due:      $0.00

Balance:      $0.00

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 09/03/2024                  TIME: 03:51:59 PM          DEPT: CX104

JUDICIAL OFFICER PRESIDING: Melissa R. McCormick
CLERK: V. Harting
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: I. Olivares

CASE NO: **30-2024-01415928-CU-OE-CXC**    CASE INIT.DATE: 07/30/2024
CASE TITLE: **Barcenas vs. Bambuza OC Ventures LLC, a California limited liability
company**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 74375588
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

The court finds this case exempt from the case disposition time goals set forth in California Rule of Court 3.714 due to exceptional circumstances, and estimates that the time required to dispose of this case will exceed 24 months due to the following case evaluation factors of California Rules of Court 3.400 and 3.715: The case is complex.

Each party who has not paid the complex fee of $1,000 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 court days of the date of this order. Failure to pay required fees may result in dismissal of the complaint/cross-complaint or the striking of responsive pleadings and entry of default.

**The Initial Case Management Conference is scheduled for December 12, 2024 at 9 a.m. in Department CX104.**

Unless the court orders otherwise, remote appearances will be conducted via Zoom through the court's civil remote appearance website.

The Initial Case Management Conference Statement shall be filed at least 5 court days before the conference. Counsel should use pleading paper, not Judicial Council Form CM-110, and should include in the statement a discussion of the applicable subjects set forth in California Rules of Court 3.727 and 3.750(b). The parties are encouraged to meet and confer and file a joint statement.

All proposed orders, including those submitted pursuant to stipulation, must be submitted in two electronic formats. One copy should be filed in Word and another copy in .pdf format with all attachments/exhibits attached to it. Failure to follow this instruction may result in a proposed order not being brought to the court's attention in a timely manner. Please ensure that each proposed order is identified as a "Proposed Order."

CASE TITLE: Barcenas vs. Bambuza OC Ventures LLC, a California limited liability company | CASE NO: | 30-2024-01415928-CU-OE-CXC

Additional information may be obtained by viewing the department's information located on the Complex Civil division page on the court's website.

This case is subject to mandatory electronic filing pursuant to Orange County Superior Court Local Rule 352. Plaintiff(s) shall give notice of the Initial Case Management Conference and the electronic filing requirement to all parties of record or known to plaintiff(s), and shall attach a copy of this order.

Clerk to give notice to plaintiff(s), and plaintiff(s) to give notice to all other parties.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Barcenas vs. Bambuza OC Ventures LLC, a California limited liability company

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2024-01415928-CU-OE-CXC** |
|---|---|

I certify that I am not a party to this cause. I certify that that the following document(s), Minute Order dated 09/03/24, was transmitted electronically by an Orange County Superior Court email server on September 3, 2024, at 3:52:16 PM PDT. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

WILSHIRE LAW FIRM
AFATTAHI@WILSHIRELAWFIRM.COM

WILSHIRE LAW FIRM
JUSTIN@WILSHIRELAWFIRM.COM

WILSHIRE LAW FIRM
ZEYRA.CEBALLOS@WILSHIRELAWFIRM.COM

Clerk of the Court, by: _VHarting_ , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| Justin F. Marquez, Esq., Bar #262417<br>Wilshire Law Firm, PLC<br>3055 Wilshire Blvd, 12th Floor<br>Los Angeles, CA 90010<br>*Telephone No:* 213-381-9988 *FAX No:* 213-381-9989 | |
| *Ref. No. or File No.:* | |
| *Attorney for:* Plaintiff | |

| *Insert name of Court, and Judicial District and Branch Court:* |
|---|
| Orange County Superior Court |

| *Plaintiff:* Jose Ramiro LobatoBarcenas |
|---|
| *Defendant:* Bambuza OC Ventures LLC, et al. |

| **PROOF OF SERVICE**<br>**Summons & Complaint** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>30202401415928CUOECXC |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons & Complaint; ADR Information Package; Civil Case Cover Sheet; Class Action/ B&P 17200 Questionnaire; Minute Order & Case Management Conference; Complex Civil Guidelines; Complex Fact Sheet; Department CX104 Schedule and General Information

3. *a. Party served:*          Bambuza OC Ventures LLC, a California limited liability company
   *b. Person served:*         Jackson Yang, Person Authorized to Accept

4. *Address where the party was served:*      Registered Agent Solutions, Inc.
                                             720 14th Street
                                             Sacramento, CA 95814

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Tue., Sep. 17, 2024 (2) at: 2:40PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:* Bambuza OC Ventures LLC, a California limited liability company
   Under CCP 416.40 (association or partnership)

7. ***Person Who Served Papers:***                           Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. John M. Adams

                   d. ***The Fee for Service was:***

   **1500 W. El Camino Avenue, #510**
   **Sacramento, CA 95833**
   **855-5VALPRO, Fax (866) 900-4665**
   **www.ValproAttorneyServices.com**

   e. I am: (3) registered California process server
        *(i)* Independent Contractor
        *(ii) Registration No.:*      2014-45
        *(iii) County:*            Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date: Tue, Sep. 17, 2024*

                                                            _____

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>Summons & Complaint | (John M. Adams)<br>*jumar.81622* |
|---|---|---|

| Attorney or Party without Attorney:<br>Justin F. Marquez, Esq., Bar #262417<br>Wilshire Law Firm, PLC<br>3055 Wilshire Blvd, 12th Floor<br>Los Angeles, CA 90010<br>*Telephone No:* 213-381-9988     *FAX No:* 213-381-9989<br><br>*Attorney for:* Plaintiff | *For Court Use Only* |
|---|---|

| *Ref. No. or File No.:* |
|---|

*Insert name of Court, and Judicial District and Branch Court:*
  Orange County Superior Court

*Plaintiff:* Jose Ramiro LobatoBarcenas
*Defendant:* Bambuza OC Ventures LLC, et al.

| **PROOF OF SERVICE**<br>**Summons & Complaint** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>30202401415928CUOECXC |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons & Complaint; ADR Information Package; Civil Case Cover Sheet; Class Action/ B&P 17200 Questionnaire; Minute Order & Case Management Conference; Complex Civil Guidelines; Complex Fact Sheet; Department CX104 Schedule and General Information

3.   a. *Party served:*                      Bambuza SMF Ventures LLC, a California limited liability company
    b. *Person served:*                 Jackson Yang, Person Authorized to Accept

4. *Address where the party was served:*       Registered Agent Solutions, Inc.
                                        720 14th Street
                                        Sacramento, CA 95814

5. *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
      process for the party (1) on: Tue., Sep. 17, 2024 (2) at: 2:40PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
    *on behalf of:* Bambuza SMF Ventures LLC, a California limited liability company
    Under CCP 416.40 (association or partnership)

7. *Person Who Served Papers:*                             Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. John M. Adams
                                          d. **The Fee for Service was:**

         **1500 W. El Camino Avenue, #510**       e. I am: (3) registered California process server
         **Sacramento, CA 95833**                  *(i)* Independent Contractor
         **855-5VALPRO, Fax (866) 900-4665**     *(ii)* *Registration No.:*     2014-45
         **www.ValproAttorneyServices.com**       *(iii)* *County:*           Sacramento

**Valpro** ATTORNEY SERVICES

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Date: Tue, Sep. 17, 2024

                                                         _____

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>Summons & Complaint | (John M. Adams)<br>*jumar.81623* |
|---|---|---|

# EXHIBIT C

Eugene Ryu (SBN 209104)
Gene.Ryu@klgatescom
Zain Zubair (SBN 323273)
Zain.Zubair@klgatescom
**K&L GATES LLP**
10100 Santa Monica Blvd, 8th Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant BAMBUZA OC VENTURES
LLC and BAMBUZA SMF VENTURES LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| JOSE RAMIRO LOBATO BARCENAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v<br><br>BAMBUZA OC VENTURES LLC, a California limited liability company; BAMBUZA SMF VENTURES LLC, a California limited liability company; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 30-2024-01415928-CU-OE-CXC<br><br>**DEFENDANTS BAMBUZA OC VENTURES LLC AND BAMBUZA SMF VENTURES LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed:     July 30, 2024 |

508429440.2

1    Defendants BAMBUZA OC VENTURES LLC AND BAMBUZA SMF VENTURES LLC

2    ("Defendants") hereby answer Plaintiff JOSE RAMIRO LOBATO BARCENAS' ("Plaintiff")

3    Class Action Complaint (the "Complaint") as follows:

4    **GENERAL DENIAL**

5    Defendants generally deny each and every allegation contained in Plaintiff's Complaint,

6    and further deny that Plaintiff is entitled to equitable or injunctive relief, compensatory damages,

7    economic and/or special damages, unpaid wages, penalties, restitution, interest, attorneys' fees,

8    costs of suit, or any other relief of any kind whatsoever.

9    **AFFIRMATIVE DEFENSES**

10    Defendants further assert the following affirmative defenses.  By asserting these defenses,

11    Defendants do not concede that they have the burden of production or proof as to any affirmative

12    defense asserted below.  Moreover, Defendants do not presently know all the factors concerning

13    the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Accordingly,

14    Defendants will seek leave to amend this Answer should it later discover facts demonstrating the

15    existence of additional affirmative defenses.

16    **FIRST AFFIRMATIVE DEFENSE**

17    **(Binding Arbitration Agreement)**

18    1.    The Complaint, and each and every cause of action alleged therein, is barred to the

19    extent that Plaintiff and some or all of the putative class members that Plaintiff seeks to represent

20    have entered into binding arbitration agreements to submit their claims against Defendants,

21    including claims for unpaid wages, to final and binding arbitration.

22    **SECOND AFFIRMATIVE DEFENSE**

23    **(Failure to State a Claim)**

24    2.    The Complaint, and each and every cause of action alleged therein, fails to state

25    facts sufficient to constitute a cause of action upon which relief can be granted.

26    **THIRD AFFIRMATIVE DEFENSE**

27    **(Statutes of Limitation)**

28    3.    Plaintiff is barred from seeking relief under each and every cause of action asserted

2

1  in the Complaint to the extent such causes of action are based on acts or events which occurred

2  outside the applicable statutes of limitation, including, but not limited to, those set forth in the

3  California Labor Code, Code of Civil Procedure, Civil Code, and Business & Professions Act.

4  **FOURTH AFFIRMATIVE DEFENSE**

5  **(Claims Not Suitable on a Class Basis)**

6      4.    The Complaint, and each and every cause of action therein, are barred because

7  Plaintiff is not an adequate and proper representative of any group of putative class members

8  Plaintiff seeks to represent.

9  **FIFTH AFFIRMATIVE DEFENSE**

10  **(No Knowledge, Authorization, or Ratification)**

11      5.    Defendants are not liable for the alleged damages because, if any person or entity

12  engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so

13  without the knowledge, authorization, or ratification of Defendants.

14  **SIXTH AFFIRMATIVE DEFENSE**

15  **(Estoppel)**

16      6.    Defendants are informed and believe that further investigation and discovery will

17  reveal, and on that basis allege, that the Complaint and the purported causes of action therein are

18  barred by the equitable doctrine of estoppel.

19  **SEVENTH AFFIRMATIVE DEFENSE**

20  **(Waiver)**

21      7.    Defendants allege that any recovery of Plaintiff's Complaint is barred, in whole or

22  in part, to the extent that Plaintiff and/or the alleged putative class members, by reason of their acts,

23  conduct, and/or omissions, have waived or released their rights, if any, to obtain the relief sought

24  in the Complaint, including, *inter alia*, by contract and/or were provided and/or authorized and

25  permitted to take meal and/or rest breaks but declined to take breaks.

26  **EIGHTH AFFIRMATIVE DEFENSE**

27  **(Settlement/Release)**

28      8.    The Complaint, and each and every cause of action therein, are barred to the extent

508429440.2

3

that Plaintiff and/or the putative class members have voluntarily settled and/or released all or one or more of the purported causes of action set forth in the Complaint; and Plaintiff and/or the putative class members are, under the terms of such settlements and/or releases, barred from pursuing all or one or more of such purported causes of action.

## NINTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

9.    Plaintiff's and/or the putative class members' claims are barred, in whole or in part, by federal law including but not limited to the Fair Labor Standards Act and the Federal Arbitration Act.

## TENTH AFFIRMATIVE DEFENSE

### (Labor Code and IWC Orders Unconstitutionally Vague)

10.    Defendants allege that the Complaint, and each cause of action therein, or some of them, are barred because the applicable Labor Code sections and/or wage order(s) of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

11.    Plaintiff's and/or the putative class members' claims are barred by the equitable defenses of laches, unclean hands and/or consent.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Use Ordinary Care)

12.    Plaintiff's and/or the putative class members' individual claims are barred by California Labor Code §§ 2854 and 2856 in that Plaintiff and/or the putative class members failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

/ / /

/ / /

508429440.2

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Full Performance)**

13.    Without admitting the existence of any duties or obligations as alleged in the Complaint, any such duties or obligations which were owed to Plaintiff and/or the putative class members have been fully performed, satisfied or discharged by, *inter alia*, paying all wages owed, providing meal and rest breaks, providing accurate itemized wage statements, reimbursing employees for necessary business expenses, and timely paying for time worked.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(*De Minimus*)**

14.    Plaintiff and/or the putative class members are barred, in whole or in part due to the *de minimis* doctrine, and any alleged unpaid work was minute and/or irregular.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith and Lack of Willfulness)**

15.    Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that any violation of the California Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and Defendants had reasonable grounds for believing that its practices complied with applicable laws and that any such act or omission was not a violation of the California Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff and/or the putative class members are not entitled to any damages, including but not limited to any allegations of failure to timely pay terminating employees.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(*Bona Fide* Dispute)**

16.    Defendants allege that any claims for damages or penalties, including, but not limited to penalties predicated on Labor Code sections 201-204, are barred, in whole or in part, because (1) there are bona fide good faith disputes as to whether further compensation is due to Plaintiff and/or to the putative class members Plaintiff seeks to represent, and if so, as to the amount of such further compensation, (2) Defendants have not willfully or intentionally failed to pay such

508429440.2

DEFENDANTS BAMBUZA OC VENTURES LLC AND BAMBUZA SMF VENTURES LLC'S ANSWER
TO PLAINTIFF'S CLASS ACTION COMPLAINT

1   compensation, if any is owed, (3) the meal and rest period premiums sought do not constitute

2   wages; and/or (4) to impose penalties in this case would be inequitable and unjust.

3   **SEVENTEENTH AFFIRMATIVE DEFENSE**

4   **(Class Action - Standing)**

5       17.      Defendants allege the claims fail to the extent that Plaintiff lacks standing to assert

6   the legal rights or interests of others.

7   **EIGHTEENTH AFFIRMATIVE DEFENSE**

8   **(Offset)**

9       18.      Defendants allege that they are entitled to an offset against any relief due to Plaintiff

10  and/or the putative class members that Plaintiff seeks to represent, based upon their respective

11  wrongful conduct and/or monies owed to Defendants.  Without limiting Defendants' reliance on

12  this defense and by way of example, Defendants contend that they are entitled to an offset or credit

13  for any overpayments made to Plaintiff and/or any putative class members, or for any other monies

14  owed to Defendants.  Defendants further assert that they are entitled to an offset or credit for any

15  monies owed by Plaintiff and/or any putative class members that resulted from their failure to

16  perform their obligations or for overpayment for hours worked, if any.

17  **NINETEENTH AFFIRMATIVE DEFENSE**

18  **(No Knowing/Intentional/Willful Violation)**

19      19.      Without admitting that any violation took place, Defendants allege that any alleged

20  failure to provide Plaintiff and/or any of the putative class members with wage statements in

21  conformity with Labor Code section 226(a), to maintain records pursuant to Labor Code section

22  1174, to pay Plaintiff or any of them, timely and properly, or any other alleged violation of the

23  California Labor Code, was not knowing, intentional or willful and was not brought to the attention

24  of management, if any.

25  **TWENTIETH AFFIRMATIVE DEFENSE**

26  **(Labor Code § 226 – No Injury)**

27      20.      Defendants allege that Plaintiff and/or any of the putative class members sustained

28  no injury, as defined in Labor Code section 226(e)(2), from any alleged failure to provide wage

statements in conformity with Labor Code section 226(a), from the alleged failure to maintain records pursuant to Labor Code section 1174 or from any other alleged violation of the California Labor Code.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Substantial Compliance)

21.     Defendants allege that Plaintiff's claim for damages or penalties fail because, to the extent – which Defendants deny – that they did not fully comply with the requirements of any particular California Labor Code provision, Defendants have substantially complied with the requirements of such statute such that the imposition of damages or penalties would be improper.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Meal and Rest Periods – Waiver)

22.     Plaintiff's and/or the putative class members' claims are barred, in whole or in part, because Defendants provided Plaintiff and/or the putative class members with meal and rest periods, and any failure by Plaintiff and/or the putative class members to take meal and/or rest breaks constituted a waiver by Plaintiff and/or the putative class members/alleged aggrieved employees, including for any meal break during shifts six hours or less or for shifts of twelve hours or less where the first meal break was taken.  This waiver includes Plaintiff's and/or the putative class members' intentional decisions not to take a provided meal or rest period, and/or to the extent that the failure to take meal and/or rest breaks was the result of a failure by Plaintiff and/or the putative class members to follow Defendants' reasonable instructions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

23.     Defendants allege that the Complaint and causes of action asserted therein, in whole or in part, fail to the extent Plaintiff and/or any putative class members have been fully paid all amounts legally owed to them by Defendants, since by accepting the payments made to them, Plaintiff and/or the putative class members have effectuated an accord and satisfaction of their claims.

/ / /

508429440.2

7

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Wage Statements – Not Knowing or Intentional)**

24.    Any claims for penalties pursuant to California Labor Code section 226 are barred, in whole or in part, because Plaintiff and/or the putative class members were not "injured" thereby and/or because Defendants' alleged failure to comply was not a "knowing and intentional failure" under California Labor Code section 226(e).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Avoiding and/or Secreting)**

25.    Defendants allege that the Complaint, and each and every alleged cause of action therein, or some of them, are barred to the extent that Plaintiff and/or some, or all, of the putative class members secreted or absented themselves or the work purportedly performed without notice to Defendants, to avoid payment of wages, thereby relieving Defendants of liability for damages or penalties under the California Labor Code.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Bus. & Prof. Code Section 17200 – Unconstitutionally Vague and Overbroad)**

26.    Defendants allege that the prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200, *et seq.*, is unconstitutionally vague and overbroad and, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural. Representative litigation would also violate Defendants' right to equal protection in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution, in that it would prevent Defendants from raising individual defenses against each putative class member. The violation is both procedural, by imposing a procedure that would render it impossible for Defendants to defend its interests and property, and substantive, by imposing remedies constitutionally disproportionate to the wrongs committed. *See People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

/ / /

/ / /

508429440.2

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Bus. & Prof. Code Section 17200 – Compliance With Obligations)**

27.     Defendants allege that Plaintiff's claims are barred, in whole or in part, because of Defendants' compliance with all applicable laws, statutes and regulations, with said compliance affording Defendants a safe harbor to any claim under California Business and Professions Code section 17200, *et seq.*

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Bus. & Prof. Code Section 17200 –Equitable Relief Unavailable)**

28.     Defendants allege that Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to equitable relief as he has an adequate remedy at law.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Penalties Unconstitutional)**

29.     To the extent Plaintiff and/or the putative class members seek penalties, such claims violate the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and also violate Article 1, sections 7 and 8 of the California Constitution, including the prohibition against excessive fines. *See State Farm Mutual Insurance Company v. Campbell*, 538 U.S. 408 (2003).

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Collateral Estoppel and Res Judicata)**

30.     The Complaint, and each and every cause of action therein, are barred by the doctrines of res judicata and collateral estoppel as to Plaintiff and/or the putative class members.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(No Willfulness – Failure to Pay Wages Upon Termination)**

31.     Defendants allege that they properly paid all wages due and owing to Plaintiff and/or the putative class members during employment and to the extent applicable after employment, and, to the extent such wages were due but unpaid (which Defendants deny), Defendants' failure to pay was not "willful."

/ / /

/ / /

508429440.2

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

32.    Defendants allege that Plaintiff and the putative class members have failed to mitigate or avoid any and all damages allegedly caused by Defendants, the existence of which Defendants deny.  Any damages that may be recoverable by Plaintiff and/or the putative class members should therefore be denied or reduced accordingly.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

33.    Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that the Complaint and the purported causes of action therein are barred on the grounds of unjust enrichment.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

34.    Defendants allege that Plaintiff and any putative class members are barred from recovering any penalties, or any penalties must be reduced, pursuant to the avoidable consequences doctrine and/or the discretion of the Court because Defendants took reasonable steps to ensure Plaintiff and any putative class members were properly compensated for all time worked including good faith compliance with California law, and Plaintiff and the putative class unreasonably failed to use preventative and corrective opportunities provided to them to clear up any purported misunderstanding of their wage statements, and reasonable use of such procedures would have prevented at least some, if not all, of the harm allegedly suffered.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Not "Hours Worked")**

35.    Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege that some or all of certain alleged work hours are not "hours worked" within the meaning of any Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law, so that any claimed compensation, including overtime premium, need not be paid for those hours.

508429440.2

10

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Outside Scope of Employment)

36.    Defendants allege that the Complaint and the causes of action set forth therein cannot be maintained against Defendants, because, if employees of Defendants (including Plaintiff) took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendants and Defendants did not know of nor should they have known of such conduct.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Waiting Time Penalties)

37.    Plaintiff's claims pursuant to or related to California Labor Code section 203 are barred, in whole or in part, because: (a) Defendants have not willfully failed to pay such additional compensation, if any is owed; (b) a good faith dispute exists as to whether wages are owed; (c) Plaintiff secreted or absented himself; (d) the compensation/premiums sought do not constitute wages; and/or (e) to impose penalties in this case would be inequitable and unjust.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Liability for Hours that Are Not Working Time)

38.    The Complaint, and each and every cause of action alleged therein, is barred to the extent that the hours for which Plaintiff claims compensation are not working time under California state law, including the applicable California Industrial Welfare Commission Wage Orders.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (No Overtime)

39.    The Complaint, and each and every cause of action alleged therein, is barred on the ground that to the extent Plaintiff worked any overtime, such work was not authorized by Defendants and performed without Defendants' knowledge.

## FORTIETH AFFIRMATIVE DEFENSE

### (No Necessary Expenditure or Loss)

40.    Defendants allege that Plaintiff's claim that Defendants failed to reimburse business expenses is barred because Plaintiff's and/or the aggrieved employees' alleged business expenses

508429440.2

11

1 | were not necessary expenditures or losses.

2 | **FORTY-FIRST AFFIRMATIVE DEFENSE**

3 | **(No Private Right of Action)**

4 | 41. Plaintiff's claims are barred to the extent some of all of them lack a private right of

5 | action, including but not limited to claims under Labor Code sections 558, 1197, 1197.1, 233, and

6 | 246.

7 | **RESERVATION OF RIGHT TO AMEND TO ADD ADDITIONAL DEFENSES**

8 | Defendants do not presently know all of the facts respecting the conduct of Plaintiff

9 | sufficient to allow them to state all defenses at this time. Defendants are informed and believe,

10 | however, that further investigation and discovery will reveal that they may have additional defenses

11 | available of which they are not fully aware at the present time. Defendants reserve the right to

12 | amend this Answer to assert said additional defenses should they later discover facts demonstrating

13 | the existence and applicability of same.

15 | WHEREFORE, Defendants pray that:

16 | 1. Plaintiff and the putative class members take nothing by the Complaint;

17 | 2. The Complaint be dismissed, in its entirety, with prejudice;

18 | 3. Defendants be awarded their attorneys' fees and costs of suit incurred herein; and

19 | 4. The Court award Defendants such further relief as it deems just and proper.

21 | Dated: October 15, 2024

22 |

By: _____

GENE RYU
ZAIN ZUBAIR

K&L GATES LLP
Attorneys for Defendant BAMBUZA OC
VENTURES LLC and BAMBUZA SMF
VENTURES LLC

508429440.2

12

## PROOF OF SERVICE

Case No. 30-2024-01415928-CU-OE-CXC

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

On **October 15, 2024,** I served the document(s) described as:

**DEFENDANTS BAMBUZA OC VENTURES LLC AND BAMBUZA SMF VENTURES LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

on the person or person(s) below, as follows:

Justin F. Marquez  (SBN 262417)
Arrash T. Fattahi (SBN 333676)
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010
Telephone: (213) 381-9988
Fax: (213) 381-9989
Emails: justin@wilshirelawfirm.com
afattahi@wilshirelawfirm.com

*Attorneys for Plaintiff Jose Ramiro Lobato Barcenas*

The documents were served by the following means:

☒    **BY U.S. MAIL:**  I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒    **BY ELECTRONIC SERVICE:** by transmitting a true copy of the foregoing document(s) to the email-addresses set forth as stated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **October 15, 2024,** at Los Angeles, California.

_____
Amy Portillo

508429440.2

DEFENDANTS BAMBUZA OC VENTURES LLC AND BAMBUZA SMF VENTURES LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT